WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick Alton Foley,<br><br>             Plaintiff,<br><br>v.<br><br>J. Hernandez, et al.,<br><br>             Defendants. | No. CV 13-1496-PHX-SMM (ESW)<br><br>**O R D E R** |

Plaintiff Rick Alton Foley, who is a prisoner in the custody of the Arizona State Prison Complex-Florence filed an Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. 10). Defendant Peji filed a Motion to Dismiss (Doc. 34) asserting that Plaintiff's claim against her is barred by the statute of limitations. Plaintiff opposes the motion. (Docs. 38, 39, 41, 42, 43.)

The Court will deny the Motion to Dismiss without prejudice to Defendant Peji reasserting the statute of limitations defense in a motion for summary judgment.

**I.    Procedural Background**

On October 11, 2013, Plaintiff filed an Amended Complaint against various Defendants. (Doc. 10). On screening pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a Fourteenth Amendment due process claim in part of Count Four against Defendants Thomas, Hernandez, Peji, and Chatt and directed them to answer the claim. (Doc. 15). The Court dismissed the remaining claims and Defendants. (*Id.*).

With regard to Defendant Peji, Plaintiff alleged that she denied him his right to view his Automative Summary Record and Adult Information Management System Records, which were necessary for Plaintiff to prepare for parole hearings. Plaintiff alleged that, as a result of this denial, he was denied parole and had to endure another six months of confinement. Plaintiff did not include any dates regarding the alleged denial in the Amended Complaint.

On June 30, 2014, Defendant Peji answered the Amended Complaint (Doc. 30). Thereafter, Plaintiff filed a Reply to Defendant Peji's Answer (formerly Doc. 33). Defendant Peji then filed the pending Motion to Dismiss.

In the Motion to Dismiss, Defendant Peji argues that Plaintiff's Reply to Defendant Peji's Answer reveals the date that the § 1983 claim accrued against Defendant Peji, which was two years before Plaintiff filed the Complaint. As such, Defendant Peji argues that the claim against her should be dismissed because it is barred by the statute of limitations.[1]

On August 6, 2014, the Magistrate Judge *sua sponte* struck Plaintiff's Reply to Defendant Peji's Answer as "an improper pleading." (Doc. 48).

**II.   Discussion**

The Court first notes that it cannot consider the contents of Plaintiff's Reply to Defendant Peji's Answer as it is no longer part of the Record. Moreover, for the defense of the running of the statute of limitations to be decided on a motion to dismiss, the untimeliness must clearly appear on the face of the complaint. *See Supermail Cargo, Inc. v. U.S.,* 68 F.3d 1204, 1206–1207 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that

---

[1] In Reply in Support of the Motion to Dismiss, Defendant Peji argues alternatively that Plaintiff's claim against her should be dismissed because Plaintiff failed to exhaust his administrative remedies. (Doc. 44). The Court will not consider arguments raised for the first time in a reply brief. *See, e.g.*, *Wichansky v. Zowine*, No. CV 13-1208-PHX-DGC, 2014 WL 5594086, at *6 n.1 (D. Ariz. Nov. 4, 2014).

the statute was tolled.'") (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

Because Plaintiff has not alleged any dates in his Amended Complaint, the Court cannot determine that the statute of limitations has run based on the allegations in the Amended Complaint. Accordingly, because the running of the statute of limitations cannot be determined on the face of the complaint, a statute of limitations defense is more properly determined on a motion for summary judgment. *See Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987); *Jablon*, 614 F.2d at 682.

Accordingly, Defendant Peji's Motion to Dismiss will be denied without prejudice to Defendant Peji reasserting the statute of limitations defense in a motion for summary judgment.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant Peji's Motion to Dismiss (Doc. 34).

(2) Defendant Peji's Motion to Dismiss (Doc. 34) is **denied without prejudice** to Defendant Peji reasserting the statute of limitations defense in a motion for summary judgment.

DATED this 21st day of November, 2014.

Stephen M. McNamee
Senior United States District Judge