WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick Alton Foley,<br><br>                Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                Defendants. | No. CV-13-01496-PHX-SMM (ESW)<br><br>**ORDER** |

      The Court has considered Defendant Chatt's Memorandum Re: Disability and Guardian Ad Litem (Doc. 58) filed on November 5, 2014, and Plaintiff's Response to Defendants' Memorandum for Mrs. Chatt (Doc. 61) filed on November 17, 2014.

      Rule 17(c)(2) of the Federal Rules of Civil Procedure governs the request to appoint Defendant Chatt's son, James Contreras, as her guardian *ad litem*. The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit. *Davis v. Walker,* 745 F.3d 1303, 1310 (9th Cir. 2014). A guardian *ad litem* is authorized to act on behalf of his ward and may make all appropriate decisions in the course of the specific litigation. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986). This includes (i) entering into binding contracts for the retention of counsel and expert witnesses and (ii) settling the claim on behalf of his or her ward. *Id.*

      After appointing a guardian *ad litem*, a district court "maintains a continuing obligation to supervise the guardian *ad litem's* work." *Neilson v. Colgate–Palmolive Co.,* 199 F.3d 642, 652 (2nd Cir. 1999) (italics added); *see also Dacanay v. Mendoza,* 573

F.2d 1075, 1079 (9th Cir. 1978) ("It is the court's order approving the settlement that vests the guardian *ad litem* with the legal power to enforce the agreement.") (italics added).  The district court may remove the guardian *ad litem*.  *Hull by Hull v. United States,* 53 F.3d 1125, 1127 n. 1 (10th Cir. 1995) (noting that parties seeking to challenge the decisions of a guardian *ad litem* have a remedy of applying to the court to have the guardian *ad litem* removed or to have another guardian *ad litem* appointed) (italics added).

The declaration of Defendant Chatt's treating physician, Dr. Frey, states that Defendant Chatt is "incapable of giving accurate and complete testimony in any lawsuit as her medical condition has profoundly altered her mental state and memories to such extent that she is totally disabled and unable to participate in the litigation process." (Doc. 50, Exhibit A at p. 2)  The Court finds from this uncontroverted documentation that Defendant Chatt is incompetent[1] and in need of a guardian *ad litem*.

**IT IS THEREFORE ORDERED** appointing Defendant Chatt's son, James Contreras, as her guardian *ad litem* for purposes of this lawsuit.  Mr. Contreras shall serve at no cost to Defendant Chatt.

**IT IS FURTHER ORDERED** that within **ten days** of this Order, James Contreras must file a notice with the Court providing his current contact information, including an email address.

Dated this 3rd day of December, 2014.

_____
Eileen S. Willett
United States Magistrate Judge

---

[1] For an individual who is not acting in a representative capacity, the capacity to sue or be sued is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). The State of Arizona is Defendant Chatt's domicile.  (Docs. 50, 58).  In Arizona, an 'incompetent' person is one who is unable to understand the nature and object of the proceedings or to assist in the case as a result of a mental illness, defect, or disability. *Kelly R. v. Arizona Dept. of Econ. Sec.,* 137 P.3d 973, 978 (Ariz. Ct. App. 2006).